FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 27 2015

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| ZIAHONNA  TEAGAN,<br>          Plaintiff,<br>V.<br><br>CITY OF MCDONOUGH,<br>GEORGIA; WILLIAM DONALD<br>PATTEN JR., in his official capacity<br>as Judge of the CITY OF<br>MCDONOUGH MUNICIPAL<br>COURT<br><br>          Defendant (s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.: 1:15-CV-0607-ELR

(CIVIL RIGHTS COMPLAINT
UNDER 42 U.S.C. § 1983)

Verified Complaint

Demand For Jury Trial

## AMENDED COMPLAINT

COME NOW the Plaintiff, ZIAHONNA TEAGAN for her claims for relief against

Defendants jointly and severally, based upon knowledge, information, and

reasonable belief derived therefrom, allege, complain, and state as follows:

## INTRODUCTION

Plaintiff Ziahonna Teagan, legal name change from Maneka Burns Shelton as she

was known as at the time of the events described in this Complaint, The Plaintiff in

this case was jailed by the City of McDonough because she was unable to pay a

1

debt owed to the City from a traffic ticket and other fees. The City imprisoned Ms.

Teagan solely because she could not afford to make a monetary payment on March

28, 2014 for a sentencing order of pay $795 by March 28, 2014 or serve 60 days in

jail [1] in which she filed a motion on March 24, 2014 asking for a Stay pending an

Appeal. Motion for stay Pending Appeal was denied Sua Sponte by Defendant

Municipal Judge William D. Patten Jr... Plaintiff was arrested on Failure to Pay

Warrant May 18, 2014 sworn out by Deputy Clerk of McDonough Municipal

Court and Judge Patten Jr. sentencing Judge. Although the Plaintiff stated that she

was unable to pay due to her poverty, Ms. Teagan was held in jail 10 days before

being brought before City of McDonough Municipal Judge William D. Patten Jr.

on an invalid arrest warrant while being unrepresented during the May 28, 2014

hearing where her liberty was at stake which she was remanded back into custody

until payment was made. City of McDonough Municipal Court Judge Patten Jr. did

not appoint although it was not formally requested appoint counsel for Plaintiff that

the United States Constitution requires.

---

1 Williams v. Illinois, 399 U.S. 235 (1970), and Tate v. Short, 401 U.S. 395 (1971), stand for the proposition that

such "automatic" conversion of a fine into a jail term is forbidden by the Equal Protection Clause, and by so

holding, the Court in those cases was surely of the view that there is a way of converting a fine into a jail term that is

not "automatic."

2. The treatment of Ziahonna Teagan reveals systemic illegality perpetrated by the City of McDonough Municipal Court against some of its poorest people. The City of McDonough Municipal Court has engaged in the same conduct, as a matter of policy and practice, against many other impoverished human beings on a daily basis for years, unlawfully jailing people if they are too poor to pay debts from traffic tickets and other minor offenses without holding a probable cause hearing to ensure that the person had the ability to make payment.

3. The Plaintiff seek in this civil action the vindication of her fundamental rights, compensation for the violations that she suffered, and a declaration that the City's conduct is unlawful.

4. Ms. Teagan's jailing was the direct result of McDonough City's policy, practice, and custom of seeking revenue from indigent people sentenced to the payment of fines and fees for traffic offenses and City ordinance violations. City of McDonough, through senior policymaker Municipal Judge William Donald Patten Jr. of the McDonough Municipal Court ("Municipal Court"), enlisted Henry County Jail, to secure arrest and house Ms. Teagan along with securing payments of City of McDonough fines and fees through the practice of "failure to pay warrants" imposed for the sole purpose of collecting fines and fees from those who cannot afford to pay in

3

full on sentencing day or within time specified. The terms of their role

agreement incentivized collection from warrant issuance fees from people

too poor to pay at sentencing, while creating disincentives for the

identification of indigent failure to pay individuals whose failure to pay was

the result of poverty.

5.  City of McDonough, and Municipal Judge Patten Jr., established policies,

    practices, and customs that directly led to the conditioning of indigent

    people's on paying money they did not have. They pursued fine and fee

    payments from indigent fine accessed sentencing for misdemeanor traffic

    citations , while failing to  train, direct, and supervise the judges and

    Municipal Court employees involved in their collection scheme on failure to

    pay individuals' constitutional rights to request court-appointed counsel and

    to an indigency hearing prior to being jailed for failure to pay.

6.  Defendant s City of McDonough and Municipal Judge Patten Jr. persisted in

    these policies, practices, and customs despite their awareness of the

    widespread and pervasive deprivation of failure to pay 'detainees rights to

    request counsel and to indigency hearings in McDonough Municipal Court

    failure to pay warrant proceedings, including those heard by the judge who

    sentenced Ms. Teagan to jail. As a direct result of these policies, practices,

    and customs, Ms. Teagan was improperly and illegally jailed for failure to

pay without a probable cause hearing to ensure that she had the ability to make payment.

## JURISDICTION AND VENUE

7. This is a complaint for damages based upon civil rights violations committed by City of McDonough Municipal Judge William Donald Patten Jr., in his official capacity, and City of McDonough, in violation of the Fourteenth Amendment to the U.S. Constitution.

8. This Court has subject matter jurisdiction over Ms. Teagan's pursuant to 28 U.S.C. §§ 1331 and 1343(a) (3).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), (c) and (d) because this judicial district is where a substantial part of the events or giving rise to the claim occurred and where City of McDonough, Judge Patten Jr., reside.

## PARTIES

10. Plaintiff, ZIAHONNA TEAGAN, is and at all times herein mentioned was, a United States citizen and a resident of the District of Georgia.

11. Defendant CITY OF MCDONOUGH is a governmental entity organized and

existing under the laws of the State of Georgia, and is a political entity of the State of Georgia.

12. At all times, Defendant CITY OF MCDONOUGH possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the MCDONOUGH Municipal Court (hereinafter, "MMC"). In this case, Defendant CITY OF MCDONOUGH acted through agents, employees, and servants, including its policymakers, and through Defendant William Donald Patten Jr.

13. Defendant WILLIAM DONALD PATTEN JR is and were at all times relevant to this action municipal judge employed by CITY OF MCDONOUGH.

## NATURE OF THIS ACTION

This is an action for money damages and relief brought pursuant to 42 U.S.C. §§ 1983 and 1988, False imprisonment, Abuse of Process, and Violation of Georgia Civil Right Act 1964 Equal Protection Clause and Fourteenth Amendments of the United States Constitution.

## GENERAL FACTUAL ALLEGATIONS

14. On December 19, 2013 Plaintiff requested a bench trial to challenge the validity of a Pretextual Stop which led to Citation of Failure to Maintain Insurance. Due to not pleading Guilty or NOLO as Defendant Judge William D. Patten Jr. suggest during proceedings. Defendant William Donald Patten Jr. told Plaintiff to provide her own attorney without inquiry into plaintiff indigency. Case was set for a bench trial that was held on March 19, 2014.

15. On March 19, 2014 Plaintiff was sentenced to pay $795 fine or serve 60 days in jail if not paid by March 28, 2014 along with licensee suspension during a failure to maintain insurance bench trial with no prosecution for the State after Plaintiff's objection to 12 months' probation simply because Plaintiff couldn't pay on that day or within the time specified.

16. Plaintiff filed a Motion for Stay Pending Appeal, along with a Letter of Appeal stating a Prejudicial Error on March 24, 2014 in the McDonough Municipal Court. A copy of Motion, Letter of Appeal, ticket information sheet and docket folder signature of order sentenced is attached here as Exhibit 1, pg. 1, pg.2, pg.3 and pg.4.

17. Defendants failed to provide a Pre-Deprivation Hearing.

18. Plaintiff was arrested on a warrant on May 18, 2014 sworn out by Deputy Clerk of McDonough Municipal Court and Judge William D. Patten Jr. sentencing Judge attached as Exhibit 2.

19. Defendants were notified of Plaintiff jailing on May 19, 2014.

20. Plaintiff was not brought before the Court as required for a 72 hour hearing on arrest warrant.

21. Plaintiff was brought to a hearing for first appearance for May 28, 2014

22. Plaintiff had no appointment of counsel during the May 28, 2014 proceeding.

23. Defendant remanded Plaintiff back into custody for the 60 days to serve.

24. Plaintiff spent total of 11 nights in jail.

25. Plaintiff was incarcerated for non-payment of fines and State Surcharges.

26. Plaintiff contacted McDonough Municipal Court the week of May 19, 2014.

27. Defendants Court Administrator had no knowledge of documents filed on March 24, 2014.

28. Defendant City of McDonough Court Administrator told plaintiff that she will be brought to court on Wednesday per a recorded phone conversation the week of the May 19th 2014.

29. Plaintiff was told during the week of May 19, 2014 plaintiff bail was cash only.

30. Plaintiff did not receive an indigency hearing.

31. Plaintiff jailing for 11 nights cost more than Plaintiff fines and fees for holding at the Henry County Jail.

32. Plaintiff did not receive a court appearance for failure to pay before her warrant for arrest and jailing.

33. Plaintiff was brought before the MMC on May 28, 2014 cuffed which she remained cuffed during the hearing.

34. Plaintiff was brought before the Court on May 28, 2014 for Defendant MMC Judge Patten Jr. to explain her sentence.

35. Plaintiff had no appointment of counsel during the May 28, 2014 proceeding where she had already spent nine nights in jail.

36. Defendant Judge Patten Jr. gave an actionable order to Henry County Sherriff Department by Court Disposition Record to continue incarceration Ms. Teagan 60 day's credit from date of warrant. Exhibit 3 pg. 1

37. Defendants City of McDonough and MMC Judge Patten Jr. also did not though it was not formally requested appoint counsel for Plaintiff, leaving Plaintiff unrepresented during the May 28, 2014 hearing where her liberty was at stake.

9

38. Plaintiff time served did not go towards fines, fees, and State Surcharges which totaled $895.

39. At  no point during the hearing did Judge Patten Jr. ask Ms. Teagan questions about her ability to pay, Ms. Teagan explained to the Court her financial situation voluntary after the MMC Judge Patten Jr. explained to her that the reason she was incarcerated was due to none payment. No inquiry by the MMC Judge Patten Jr. was attempted to find out if Plaintiff had tried to borrow money, had cash resources, assets, had a job, or whether staying out of jail would assist Ms. Teagan in finding work and paying her fines and fees. Nor did Judge Patten Jr. make any indigency determination on the record prior to sentencing Ms. Teagan to jail. He did not state any finding that Ms. Teagan had willfully failed to pay or had made insufficient efforts to acquire the resources to pay, or that no adequate alternatives to incarceration existed.

39. Plaintiff total time spent in jail for 12 days cost more than Plaintiff fines and fees for holding at the Henry County Jail.

40. Plaintiff suffered loss of rent money, one and only chance of seeing her daughter's 8th grade graduation ceremony, and severe mental anguish in connection with the deprivation of her constitutional and statuary rights

guaranteed by the Fourteenth Amendment of the Constitution of the United States and protected by 42 U.S.C. sec 1983.

41. Plaintiff's constitutional guaranteed rights regarding incarceration for non-payment were not protected; Turner v. Rogers, 131 S. Ct. 2507 (2011), regarding notice; Turner v. Rogers, 131 S. Ct. 2507 (2011), and Hamilton v. Alabama, 368 U.S. 52 (1961), Scott v. Illinois, 440 U.S. 367 (1979), and United States v. Dixon, 509 U.S. 688 (1993), regarding representation by counsel apply in Municipal Court proceedings, and, to the extent applicable in Ms. Teagan  particular case, The City of McDonough and McDonough Municipal Court Judge William Donald Patten Jr. are required to follow them.

42. On September 04, 2014 Plaintiff received altered, edited audio from bench trial held on March 19, 2014, May 28, 2014 and missing audio from December 19, 2013 per Ms. Teagan's requests for said audio through Georgia Open records Act 50.18.70 et seq referenced as Exhibit 4 pg. 1, pg.2

43. Defendants City of McDonough and MMC Judge Patten Jr. used a legal process to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.

## CLAIMS

**COUNT ONE: FAILURE TO PROVIDE PRE-DEPRIVATION INDIGENCY HEARING in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment and 42 U.S.C § 1983 (Jurisdiction under 28 U.S.C. §§ 1331, 1343 (a) (3))**

44. Plaintiff re-alleges and restates the forgoing jurisdictional allegations and general factual allegations as described in and incorporating paragraphs 1-43.

### A. Ms. Teagan's Pay or Serve Sentence

45. Plaintiff was found guilty, her driver's licenses was suspended and a fine was assessed in the amount of $745 due the day of the trial but was unable to pay in which Ms. Teagan was sentenced to pay fine with 12 months' probation; Plaintiff respectfully declined probation at which Judge Patten Jr. converted a misdemeanor fine into a pay or serve sentence. Pay $745 plus $50 by March 28, 2014 or serve 60 days in jail.

46. Plaintiff was owed a duty of due process from Defendants before Plaintiff was arrested on May 18, 2014 on a Failure to Pay Arrest Warrant.

47. Plaintiff was not notified of a hearing to show cause for failure to pay.

48. Plaintiff was brought before the MMC on May 28, 2014 cuffed for 1st appearance hearing where she remained cuffed and was sentenced to serve 60 days in jail.

49. Plaintiff questioned why she was arrested after she filed the motion which was ruled Sua Sponte by Defendant MMC Judge Patten Jr. without notifying her during the appearance hearing on May 28, 2014.

50. Defendant Judge Patten Jr. interjected Ms. Teagan questioning why she didn't receive a notice regarding the motion filed on March 24, 2014 that was ruled on Sua Sponte stating the motion was not valid due to improper format.

51. Defendant Patten Jr. referenced to an offer of the 12 months' probation as a way to pay by holding up a yellow traffic citation that had been darkened out.

**B. Disregard for Due Process**

52. Defendant MMC Judge Patten Jr. acted in Mala Fidas or corruptly when imposing an unconstitutional order of converting a fine as a sentence into an automatic jail sentence along with denying Motion for Stay a Letter of Appeal with directions to place filed documents in a file without notification to Plaintiff and did not afford Plaintiff a Pre Depravation Hearing before issuing a warrant for failure to pay.

13

53. The Due process and Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution have long prohibited the imprisonment of people for failure to pay court-imposed fines without a pre-deprivation inquiry by a judge into the person's ability to pay without conducting such an inquiry and making at least one of the following findings: (1) the individual's failure to pay was willful; (2) the individual was unable to pay, despite having made sufficient efforts to acquire resources, but alternative methods of achieving punishment or deterrence are not adequate.

54. As described, Ms. Teagan suffered a violation of her clearly established right to an indigency hearing when the McDonough Municipal Court Judge and Deputy Clerk swore out a warrant and jailed her for her inability to pay court-imposed fines, fees, State surcharges, and declared a motion for stay invalid without due notification. The sentencing judge made no inquiry or findings concerning the willfulness of Ms. Teagan's failure to pay, the adequacy of her efforts to acquire the resources to pay, or the adequacy of alternatives to incarceration, such as a reduction or wavier of the amount to be paid, an extension of time to pay, or

community service. To the extent that the judge made any such findings, the record fails to support them.

55. City of McDonough Municipal Court in Henry County, City of McDonough and Municipal Judge William D. Patten Jr directly and proximately caused the violation of Ms. Teagan's right to a pre-depravation indigency hearing by developing and maintaining policies, practices, and customs that demonstrated deliberate indifference to this right and the liberty interest of indigent defendants. These policies, practices, and customs include: (1) the use and endorsement of collection methods to secure payments toward McDonough Municipal Court fines and costs if defendant refuse 12 months' probation as a condition to pay their fines due to indigency; (2) the failure to train, direct, guide, and supervise McDonough Municipal Court judges and employees on indigent defendant's right to an indigency hearing satisfying the requirements of Bearden v. Georgia, 461 U.S. 660(1983), prior to being jailed for failure to pay; and (3) the failure to investigate and address reports of McDonough Municipal Court judges did not afford indigency hearings to defendants charged with violation for failure to pay.

56. Through policy, practice, and custom, City of McDonough Municipal Court, City of McDonough Municipal Corporation and Municipal Court Judge William D. Patten Jr. acted with actual malice and reckless indifference to Ms. Teagan's clearly established right to a meaningful indigency hearing prior to being jailed for failure to pay court- imposed fines, State surcharges, and fees.

57. Defendants' actions in violating Ms. Teagan's rights also constituted a violation of 42 U.S.C. § 1983.Defendants were acting under color of law when their actions, polices, practices, and customs caused Ms. Teagan's incarceration, and their acts and omissions can be fairly attributed to the City of McDonough Municipal Corporation.

58. Ms. Teagan seeks damages, in an amount to be determined by the enlightened consciences of a jury, from City of McDonough Municipal Corporation, Municipal Judge William D. Patten Jr. in his official capacity for the humiliation, anxiety, stress, emotional distress, and other irreparable injury she suffered as a result of being lead out of her home and taken to jail in front of her neighbors and family, and detained for 11 nights in a cold jail without adequate food for her current medical condition.

16

WHEREFORE, Plaintiff demands judgement against the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgement against each of said Defendants, jointly and severally, for punitive damages plus the costs of this action, and such other relief deemed to be just and equitable.

## COUNT TWO: FAILURE TO AFFORD COUNSEL

**In violation of the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. §1983   (Jurisdiction under 28 U.S.C. §§ 1331, 1343 (a) (3))**

59.    Plaintiff re-alleges and restates the forgoing jurisdictional allegations and general factual allegations as described in and incorporating paragraphs 1-58.

60.    The Fourteenth Amendment to the U.S. Constitution affords defendant a due process right to request court-appointed counsel when arraigned on an arrest warrant before a judge, and committed by the court to confinement.

17

61.    Defendant Judge William D. Patten Jr. rendered a suspended sentence that may result incarceration of Plaintiff on March 19, 2014. The Court has ruled in Alabama v. Shelton 535 U.S. 654 (2002), that suspended sentences that may result in incarceration cannot be imposed if the defendant did not have counsel at trial.


62.    The Plaintiff Ms. Teagan suffered a violation of this right when City of McDonough Municipal Court and Municipal Judge William D. Patten Jr did not inform her of her right to request court-appointed counsel despite prima facie evidence of her indigency on May 28, 2014.

63.    Defendants violated Plaintiff's right to counsel to represent her in her proceedings before the Municipal Court. Plaintiff was actually imprisoned, and did not knowingly, intelligently, or voluntary waive her right to counsel.

64.    Defendant's action in violating Plaintiff's constitutional rights also constitute violations of the Sixth Amendment. Defendants were acting under color of law when their actions, policies, or practices caused Plaintiff's confinement.

65.    Defendants violated Plaintiff's constitutional rights to due process, equal protection, and counsel as explained in the preceding paragraphs, including the equivalent protections under the Georgia Constitution, GA. Const. art. I §§ 1, 14, 23. Their actions, policies, and practices also violated her rights to an examination into her ability to pay before incarceration and in 1971 Tate v. Short, the Court found it unconstitutional to impose a fine as a sentence and then automatically convert it into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full.  In 1983 ruling for Bearden v. Georgia the Court ruled that the Fourteenth Amendment bars courts from revoking probation for a failure to pay a fine  without first inquiring into a person's ability to pay and considering whether there are adequate alternatives to imprisonment.

66.    Defendants violated Plaintiff's right to counsel through their actions, policies, and practices that led to the failure to appoint counsel to represent Ms. Teagan in her proceedings before the McDonough Municipal Court.

67.    Plaintiff was actually imprisoned, and did not knowingly, intelligently, or voluntarily waive her right to counsel.

68.    Defendants' actions in violating Plaintiff's constitutional rights also constitute violations of 42 U.S. C. § 1983. Defendants were acting under color of law when their actions, or policies, or practices caused Plaintiff's confinement.

WHEREFORE, Plaintiff demands judgement against the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgement against each of said Defendants, jointly and severally, for punitive damages plus the costs of this action, and such other relief deemed to be just and equitable.

**COUNT THREE: Declaratory Judgement of Violation of Plaintiffs' Rights under the Sixth Amendment and 42 U.S. C. § 1983 (28 U.S.C. § § 2201-2202)**

68.   Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 67.

69.   Under 28 U.S.C. § § 2201-2202, Plaintiff seeks a declaration that Defendants' actions, policies, and practices that led to her incarceration for her inability to pay violated the rights to due process and equal protection contained in the Fourteenth Amendment of the United States Constitution. Defendants violated Plaintiff's right to counsel through their actions, policies, and practices that led to the failure to appoint counsel to represent him

in his proceedings before the Municipal Court. Plaintiff was actually imprisoned, and did not knowingly, intelligently, or voluntarily waive her right to counsel.

70.    Defendants' actions in violating Plaintiff's constitutional rights also constitute violations of 42 U.S.C. § 1983. Defendants were acting under color of law when their actions, or policies, or practices caused Plaintiff's confinement.

WHEREFORE, Plaintiff demands judgement against the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgement against each of said Defendants, jointly and severally, for punitive damages plus the costs of this action, and such other relief deemed to be just and equitable.

## COUNT FOUR: Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983
## (Failure to Implement Appropriate Policies, Customs and Practices)

71. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 70 of this Complaint.

72. Defendant City of McDonough Municipality, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, of allowing employees of the City of McDonough to confront Defendants who challenge improper procedure without any reasonable checks and balances for procedural training and in

21

such a way as to cause the destruction of citizen's constitutional rights without lawful justification.

73. Defendant City of McDonough' Use of Jail and Threats of Jail to Collect Debts Owed to the City Violates Equal Protection Because It Imposes Unduly Harsh and Punitive Restrictions On Debtors Whose Creditor Is the Government Compared To Those Who Owe Money to Private Creditors.

74. Defendant Judge William Donald Patten Jr. fostered the appearance of acting as both Judge and Prosecutor by denying Plaintiff claim of pretexual stop, viewing evidence produced by his Deputy Clerk and interjecting cross on witness during bench trial dated March 19, 2014.

75. Defendant Judge Patten Jr. acted in Mala Fidas or corruptly when imposing an unconstitutional order of converting a fine as a sentence into an automatic jail sentence along with denying Motion for a Stay Pending an Appeal, a Letter of Appeal based on a prejudicial error during the bench trial court proceeding with directions to place filed documents in the file without notification to Plaintiff without due process of law by setting a hearing.

76. Defendant MMC Judge Patten Jr. Sentencing order was deliberate as it was repeated with a warrant enlisting Henry County Sherriff Department whom arrested and booked Ms. Teagan on the Pay or Serve Sentence. Exhibit 5 pgs. 1-2

77. Defendant Judge Patten Jr. unlawfully deprived Plaintiff of her due process right while acting in accordance with her constitutional and statutory rights, privileges, and immunities when filing a Motion for Stay Pending Appeal on March 24, 2014.

78. Defendant the City of McDonough had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

79. Defendants the City of McDonough and Judge Patten Jr.  Owed a duty to act according to the standard of ordinary care of a citizen, to wit, to conduct a proper investigation, the failure of which was the approximate cause of Teagan's injury.

80. The Defendant City of McDonough, failed to adequately supervise the Defendant Municipal Judge Patten Jr at the time the incidents alleged herein and before, Plaintiff was emotionally and physically healthy, active, and fully capable of engaging in normal day to day activities. Since the time of the abuse of process by Defendant(s) false imprisonment and deprivation of due process the Plaintiff's ability to perform and enjoy her usual activities, including family, driving, and work-related activities, has been impaired.

81. In addition, Plaintiff has suffered severe emotional distress and mental anguish affecting her psychological well-being.

82. At all times relevant to this Complaint, Defendant(s) City of McDonough and Judge Patten Jr. were acting under the color of law and pursuant to official policy or custom.

83. No judicial proceedings, regardless of how lawful they appear on their face, would be defense to such treatment of the Plaintiff.

WHEREFORE, Plaintiff demands judgement against the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgement against each of said Defendants, jointly and severally, for punitive damages plus the costs of this action, and such other relief deemed to be just and equitable.

## COUNT FIVE: MALICIOUS PROSECUTION

84.     Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 83.

85.     Defendant City of McDonough employees and MMC Judge Patten Jr. instituted criminal process against the Plaintiff with malice in issuing an invalid warrant for pay or serve sentence with no pre deprivation hearing.

24

86.    Defendant MMC Judge Patten Jr. perused charges with no Prosecution for the state to bring charges against Plaintiff along with acting as both Judge and Prosecutor.

87.    Defendant MMC Judge Patten Jr. was aware of the unconstitutional error of Pay or Serve sentence when he swore under oath a warrant for Ms. Teagan's arrest for an automatically converted sentence on March 19, 2014.

88.    MMC Judge Patten Jr. played an active part in the initiation of the criminal proceedings by arresting and causing the false imprisonment of Ms. Teagan.

89.    Defendant MMC Judge William D. Patten Jr. made an oath along with a Deputy Clerk on Arrest Warrant for Teagan's failure to pay fine. The charges were not based upon due process that is the state of the facts in the mind of the prosecutor would not lead a man of ordinary causation and prudence to believe, or entertain an honest or strong suspicion that Teagan was guilty.

90.Defendant MMC Judge Patten Jr. took an oath as MMC Judge which affords him with the knowledge of principals  and procedures Ms. Teagan is guaranteed and set out in Bearden v. Georgia, 461 U.S. 660 (1983) regarding incarceration for non-payment; Turner v. Rogers, 131 S. Ct. 2507 (2011), regarding notice; Turner v. Rogers, 131 S. Ct. 2507 (2011), and Hamilton v.

Alabama, 368 U.S. 52 (1961), Scott v. Illinois, 440 U.S. 367 (1979), and United States v. Dixon, 509 U.S. 688 (1993), regarding representation by counsel.

91.    The conviction and warrant sworn against Teagan alleging offenses that were constitutionally inadequate to obtained jailing and detaining Teagan on May 18, 2014.

92.    Defendant William D. Patten Jr., MMC court staff were aware trial court erred when it based its decision to impose a criminal sentence on misdemeanor charge by the State had no prosecutor to prove guilt of said charge; with presumption of ability to pay fine at the time of the original sentence.

93.    Defendant MMC Judge Patten Jr. Abuse of Power during trial proceedings and first appearance hearing were Mala Fides where Discretion wasn't decided based upon the law and facts presented.

94.    Defendant Judge Patten Jr.  Bias actions such as conducting a trial without prosecution, acting as prosecutor, and imposing a deferred sentence of Ms. Teagan without counsel present on trial dated March 19, 2014 along with imposing an actionable new order on May 28, 2014 to serve 60 days jail time in which no due process was applied.

95.     Due process that was due in the actions and proceeding against Ms. Teagan are afforded to the Plaintiff and applies according to Morrissey v. Brewer, 408 U.S. at 483-84; Wheeler v. State, 115 N. H. 347, 352, 341 A. 2d777, 781 (1975). Under the instances of incarceration cited above, we hold that the record must show that the following procedures have been afforded: (1) written notice of the conduct which triggers the sought-after incarceration;(2) disclosure to the defendant of the evidence against him; (3) the opportunity to be heard in person and to present witness and evidence;(4) the right to confront and cross-examine adverse witnesses(5) a statement in the record by the court indicating in substance the evidence relied upon and the reasons for imposing commitment; and (6) representation by counsel, to be appointed by the court if the defendant is indigent. See Morrissey v. Brewer, 408 U.S. at 489; ABA STANDARDS FOR CRIMINAL JUSTICE vol. III, § 18-7.5 (2d ed. 1980); see also Mempa v. Rhay, 389 U.S. at 137; Gagnon v. Scarpelli, 411 U.S. at 790.

96.     Defendant MMC Judge William Patten Jr. and deputy clerk used the legal process with the ulterior purpose, to wit, for personal benefit.

97.     Defendant Judge Patten Jr. and City of McDonough are liable under the doctrine of respondent superior.

98.     Defendants' MMC Judge Patten Jr. actions, policies, and practices that led to her incarceration for her inability to pay violated the rights to due process and equal protection contained in the Fourteenth Amendment of the United States Constitution.

99.     The U.S. Supreme Court has consistently held that the Fourteenth Amendment prohibits treating indigent criminal defendants differently than those who are able to pay or automatically converting a fine-only sentence to a sentence of imprisonment without an inquiry into their ability to pay.

100.    Defendants' actions in violating Plaintiff's constitutional rights also constitute violations of 42 U.S. C. § 1983. Defendants were acting under color of law when their actions, or policies, or practices caused Plaintiff's confinement.

WHEREFORE, Plaintiff demands judgement against the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgement against each of said Defendants, jointly and severally, for punitive damages plus the costs of this action, and such other relief deemed to be just and equitable.

**COUNT SIX: Declaratory Judgement of Violation of Plaintiff's Rights under the Fourteenth Amendment and 42 U.S.C. § 1983 (28 U.S.C. § § 2201-2202)**

28

101.    Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 100.

102.    Under 28 U.S.C. § § 2201-2202, Plaintiff seeks a declaration that Defendants' actions, policies, and practices that led to her incarceration for her inability to pay violated the rights to due process and equal protection contained in the Fourteenth Amendment of the United States Constitution.

103.    The U.S. Supreme Court has consistently held that the Fourteenth Amendment prohibits treating indigent criminal defendants differently than those who are able to pay or automatically converting a fine-only sentence to a sentence of imprisonment without an inquiry into their ability to pay.

104.    Defendants' actions in violating Plaintiff's constitutional rights also constitute violations of 42 U.S. C. § 1983. Defendants were acting under color of law when their actions, or policies, or practices caused Plaintiff's confinement.

WHEREFORE, Plaintiff demands judgement against the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgement against each of said Defendants, jointly and severally, for punitive damages plus the costs of this action, and such other relief deemed to be just and equitable.

## COUNT SEVEN: ABUSE OF PROCESS

105.      Plaintiff hereby repeat, re-allege, and incorporate by reference paragraphs 1-104 as though fully restated herein.

106.      Defendants filed an invalid warrant complaint against Plaintiff ZIAHONNA TEAGAN not for the purpose of resolving a legitimate dispute, but for the ulterior purpose of legitimizing and/or concealing their wrongful collection practices, suspended sentencing and lack of court appointment representation of Plaintiff.

107.      Defendant MMC Judge Patten Jr. had no intentions of bringing Plaintiff to her required 72 hour warrant appearance after her arrest on May 18, 2014 referenced through his statement dated May 23, 2014 to explain her sentence referenced herein McDonough Municipal Court Ticket Information Sheet exhibit 6.

108.      The actions of Defendants constitute an abuse of process.

109.      Defendants acted with oppression, fraud, and malice in initiating the criminal process against Plaintiff ZIAHONNA TEAGAN.

110.      Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

111.      Plaintiff is entitled to punitive damages in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgement against the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgement against each of said Defendants, jointly and severally, for punitive damages plus the costs of this action, and such other relief deemed to be just and equitable.

## COUNT EIGHT: RESPONDEAT SUPERIOR

112.    Plaintiffs hereby repeat, re-allege, and incorporate by reference paragraphs 1–111 as though fully restated herein.

113.    Defendants CITY OF MCDONOUGH and WILLAIM D. PATTEN JR. are liable for the tortious acts of their agents and employees, as here in above alleged, under the theory of Respondeat Superior.

114.    As a direct and proximate cause of those tortious acts, Plaintiff suffered injuries in the manners and ways previously alleged Defendant City of McDonough found no wrong doing of its employee's actions and policies per an investigation by Gallagher Bassett Service, Inc. including the jailing of Ms. Teagan.

WHEREFORE, Plaintiff demands judgement against the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgement against each of said Defendants, jointly and severally, for punitive damages plus the costs of this action, and such other relief deemed to be just and equitable.

## COUNT NINE: VIOLATIONS OF 42 U.S. 1983: CONSPIRACY

115.     Plaintiffs hereby repeat, re-allege, and incorporate by reference the allegations set forth in paragraphs 1 through 114.

116.      Defendants, acting in concert, agreed among themselves to detain, arrest, and employ Debt collection proceedings against Plaintiff, in the manners and ways previously alleged, all the while knowing that they had no legal right to do so.

117.     Defendants further agreed among themselves to provide a false accounting of the incident   for the purpose of concealing their own wrongdoing and causing Plaintiff to be arrested and jailed.

118.     Defendant William Donald Patten Jr. and other unknown employees of CITY OF MCDONOUGH altered audio and documents pertaining to

bench trial dated March 19, 2014 and 1St appearance sentencing dated May 28, 2014.

119.     Plaintiff submitted an Ante Litem Notice of Tort Claim Exhibit 7 pg. 1. September 2, 2014 to the CITY OF MCDONOUGH after receiving said altered audio and false documents.

120.     Defendant CITY OF MCDONOUGH responded with a completed investigation referenced as Exhibit 8 pg. 1 denial of liability through Gallagher Bassett Services, Inc.

121.     The actions of Defendants were undertaken with fraud, oppression, and malice.

122.     As a direct and proximate result of Defendants' actions, Plaintiff suffered emotional distress, humiliation, physical discomfort, and injury.

123.     It is and has been the policy and practice of the City of McDonough to conduct court sessions of inmates brought from jail are told they will remain in jail unless they make payments even though it is the policy and practice of the City of McDonough Municipal Court and Judge William Donald Patten Jr. not to provide them with an attorney and not to conduct any meaningful inquiry into their ability to pay as required by the United States Constitution.

124.    Inmates are not advised of their relevant rights under the federal or

Georgia law, including applicable constitutional rights and state- law

defenses and procedures.

125.    It is and has been the policy and practice of the City to issue invalid

arrest warrants and to apply arbitrary and illegal policies for the issuance and

recalling of warrant.

126.    Among the policies and practices of the City of McDonough are the

following: (a.) The City issues arrest warrants for "Failure to Pay" without a

probable cause hearing to ensure that the person had the ability to make

payment. (b)After arrest pursuant to a warrant, the City either does not bring

the person to court at all or delays presentment unnecessarily and for no

legitimate purpose for days or weeks.

127.    The Fourteenth Amendment's due process and equal protection

clauses have long prohibited imprisoning a person for the failure to pay

money owed to the government if that person is indigent and unable to pay.

Defendant(s) violated Plaintiff's rights by jailing Plaintiff when she could

not afford to pay the debts allegedly owed from traffic and other minor

offenses. Defendants violated Plaintiff's rights by imprisoning her without

conducting any inquiry into her ability to pay and without considering

alternatives to imprisonment as required by the United States Constitution.

34

At any moment, a wealthier person in the Plaintiff's position could have paid a sum of cash and been released from jail.

128.     Not only does the City place indigent people on generic and overly onerous payment plans lasting years when the cases of wealthier people would be terminated, but by imposing imprisonment, extra and invalid fees and surcharges, and other restrictions on the City takes advantage of its control over the machinery of the Henry County Jail and police systems to deny debtors the procedural and substantive statutory protections that every other Georgia debtor may invoke against a private creditor. Many people like the Plaintiff owing money to the City of McDonough on old and or new judgments have to borrow money and go further in debt in order to pay off the City of McDonough because other non-government creditors are not permitted to jail them for non-payment of debt.

129.     The United States Supreme Court has held that, when governments seek to recoup costs of prosecution from indigent defendants, they may not take advantage of their position to impose unduly harsh methods of collection solely because the debt is owed to the government and not to a private creditor.

130.     This coercive policy and practice constitutes invidious discrimination and violates the fundamental principles of equal protection of the laws.

131.    The Due Process Clause of the Fourteenth Amendment prohibits

Defendants from jailing the Plaintiff indefinitely and without any

meaningful legal process through which they can challenge their detention

by keeping them confined in the Defendant's jail unless or until they could

make arbitrarily determined cash payments.

WHEREFORE, Plaintiff demands judgement against the Defendants jointly

and severally, for actual, general, special, compensatory damages and further

demands judgement against each of said Defendants, jointly and severally, for

punitive damages plus the costs of this action, and such other relief deemed to be

just and equitable.

**COUNT TEN: Defendant City of McDonough's Policy and**

**Practice of Issuing and Serving Invalid Warrants, Including Those Solely**

**Based on Nonpayment of Monetary Debt, Violates the Fourth and**

**Fourteenth Amendments.**

132.    Plaintiff incorporate by reference the allegations in paragraphs 1-131

above.

133.    The City's policy and practice is to issue and serve arrest warrants

against those who have not paid their traffic debt. These warrants are sought,

issued, and served without any inquiry into the person's ability to pay even

when the City has prior knowledge that the person is impoverished and unable to pay the debts and possesses other valid defenses. These warrants are regularly sought, issued, and served without any finding of probable cause that the person has committed the elements of any offense. The City chooses to pursue warrants instead of issuing summons even when it has spoken to people on the phone or in person and has the opportunity to notify them to appear in court. The City's policy of allowing wealthy residents or residents who can afford to hire an attorney to remove their warrants but refusing to clear warrants for indigent people who cannot afford those options is unlawful. Moreover, the City's policy and practice of not presenting arrestees in court or unreasonably delaying presentment for days or weeks for no legitimate reason is unlawful. These practices violate the Fourth and Fourteenth Amendments and result in a deprivation of fundamental liberty without adequate due process.

WHEREFORE, Plaintiff demands judgement against the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgement against each of said Defendants, jointly and severally, for punitive damages plus the costs of this action, and such other relief deemed to be just and equitable.

**COUNT ELEVEN: Defendant Municipal Judge William Donald Patten Jr. in his official capacities and The City of McDonough Negligent Infliction Emotional Distress.**

134.     Plaintiff reports and re alleges and incorporates by reference the allegations in paragraph 1- 133 above with the same force and effect as if herein set forth.

135.     Defendant MMC Judge Patten Jr. unlawfully and maliciously deprived Ms. Teagan of due process when acting in accordance with her constitutional and statutory rights, privileges, and immunities; (a) unlawfully and maliciously depriving arresting, imprisoning, prosecuting and conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the constitution and the laws of the United States and the laws of the Commonwealth of Georgia.

136.     As a direct and proximate cause of the negligent and intentional acts of MMC Judge Defendant William D. Patten Jr., Plaintiff suffered loss of rent money, one and only chance of seeing her daughter's 8th grade graduation ceremony, and severe mental anguish in connection with the deprivation of her constitutional and statuary rights guaranteed by the

Fourteenth Amendment of the Constitution of the United States and protected by 42 U.S.C. sec 1983.

137.    At all times relevant to this Complaint, Defendant(s) City of McDonough and Judge Patten Jr. were acting under the color of law and pursuant to official policy or custom.

138.    Defendant Judge William Donald Patten Jr. fostered the appearance of acting as both Judge and Prosecutor by denying Plaintiff claim of pretexual stop, viewing evidence produced by his Deputy Clerk and interjecting cross on witness during bench trial dated March 19, 2014.

139.    Defendant MMC Judge Patten Jr. had power to prevent or aide in preventing the commission of said wrongs by reasonable diligence and knowingly, recklessly, or with gross negligence failed or refused to do so.

140.    Defendant Judge Patten Jr. acted in Mala Fidas or corruptly when imposing an unconstitutional order of converting a fine as a sentence into an automatic jail sentence along with denying Motion for a Stay Pending an Appeal, a Letter of Appeal based on a prejudicial error during the bench trial court proceeding with directions to place filed documents in the file without notification to Plaintiff without due process of law by setting a hearing.

141.    Defendant MMC Judge Patten Jr. unlawfully deprived Plaintiff of her due process right while acting in accordance with her constitutional and

statutory rights, privileges, and immunities when filing a Motion for Stay

Pending Appeal on the fines and fees due.

142.      Defendant Judge William Donald Patten Jr directions as evidenced on

the note on the filed  for Motion for Stay pending Appeal was the intention

to mislead and secure a failure to pay warrant that was later altered to say

Contempt of Court.

143.      Defendant William Donald Patten Jr. and other unknown individuals

conspired and used MMC to create, alter, and modify a warrant for Failure

to pay to a Contempt of Court Order to secure a pick up by the Henry

County Sheriff Department to arrest Ms. Teagan.

144.      Defendant William Donald Patten Jr. used The City of McDonough

MMC to take action that cannot legally be taken of nonpayment of debt

without due process and proper procedure referenced through statements

made on ticket information sheet referenced as exhibit 6 pg. 1.

145.      Defendant  MMC Judge William Donald Patten Jr. and the City of

McDonough staff used false representation or implication of a debt collector

or creditor by using his judgeship and court authority to: (a.) collect a debt

(b.) implicate and distribute false written communication that Plaintiff

willfully disobeyed an unconstitutional sentence on March 19, 2014 for a

pay or serve order .(c.) implicated the Plaintiff committed a crime to secure a warrant for her arrest (d.) used false, deceptive, and misleading representation as a means to obtain Plaintiff arrest and imprisonment. (e.) falsely represented and implicated that the debt is collectable and a jail-able fine without having a probable cause hearing.

146.     Defendant the City of McDonough had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

147.     Defendants the City of McDonough and MMC Judge Patten Jr.  Owed a duty to act according to the standard of ordinary care of a citizen, to wit, to conduct a proper investigation, the failure of which was the approximate cause of Teagan's injury.

148.     Defendants' actions in violating Ms. Teagan's due process right to counsel also constitute a violation of 42 U.S.C. § 1983. Defendants were acting under color of law when their policies, practices, and customs caused Ms. Teagan to unknowingly, unintelligently, and involuntarily waive her right to counsel, and their acts and omissions can fairly be attributed to the City.

149.    Ms. Teagan seeks damages, in an amount to be determined by the

enlightened conscience of a jury, from City of McDonough, MMC Judge

Patten Jr., in his official capacity, and for the humiliation, anxiety, stress,

emotional distress, and other irreparable injury she suffered as a result of

being handcuffed and taken to jail in front of her daughter forcibly separated

from her daughter and family, and detained for 11 nights in jail with

conditions that were havoc on her fibromyalgia aliment following a failure

to pay proceeding in which she lacked representation by counsel.

WHEREFORE, Plaintiff demands judgement against the Defendants

jointly and severally, for actual, general, special, compensatory

damages and further demands judgement against each of said

Defendants, jointly and severally, for punitive damages plus the costs

of this action, and such other relief deemed to be just and equitable.


**COUNT TWELVE: <u>False or Misleading Representation</u>**

**15 U.S.C 169(e) sec (4) (5) (10)**

150.    Plaintiff repeats and realleges and incorporates by reference the

allegations in paragraphs 1-149 above with the same force and effect as if

herein set forth.

151.    Defendant MMC Judge William Donald Patten Jr. used false

representation or implication without Authority for the State of a debt

collector or creditor buy using his judgeship to (a) collect a debt (b)

implicate and distribute false written communication that Plaintiff willfully

disobeyed an unconstitutional court order (c) implicated the Plaintiff

committed a crime to secure a warrant for her arrest used false, deceptive,

and misleading representation as means to obtain Plaintiff arrest and

imprisonment (g) falsely represented and implicated that the debt is

collectable and jail able fine without having a probable cause hearing.

152.    Defendant MMC Judge William Donald Patten Jr. used City of

McDonough Municipal Court to take action that cannot legally be taken of

nonpayment of debt without due process and proper procedure.

153.    Defendants MMC Judge Patten Jr. and MMC employees used

documents of McDonough Municipal Court with Negligence and

Misfeasance in a public office.

154.    As a result of the Defendant's Negligence, Misfeasance in a public

office, and Malicious Use of Process Ms. Teagan has suffered and will

continue to suffer stress, mental anguish, sever emotional trauma,

embarrassment, and humiliation.

155.    No judicial proceedings, regardless of how lawful they appear on their

face, would be a defense to such treatment of the Plaintiff.

WHEREFORE, Plaintiff demands judgement, including interest,

jointly and severally against Defendants MMC Judge William Donald

Patten Jr. and City of McDonough Municipality in an amount deemed

by this Court to be just and fair and in any other way in which the

Court deems appropriate.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter a judgment and issue

the following relief including:

1. A judgement compensating the Plaintiff for the damages that she suffered

   as a result of the City of McDonough and McDonough Municipal Court

   Judge William D. Patten Jr. unconstitutional and unlawful conduct in an

   amount to be determined at trial;

2. A judgement for punitive damages in an amount to be determined at trial

   for violations  Plaintiff's Fourteenth Amendment due process and equal

   protection rights by imprisoning her because she could not afford to pay

the City and by imprisoning her without conducting any meaningful inquiry into her ability to p ay or into alternatives to incarceration;

3.  A declaratory judgment that Defendant violated Plaintiff's Sixth, and Fourteenth Amendment rights by issuing and serving arrest warrants without probable cause to believe that the elements of an offense had been committed, with unreasonable delay prior to presentment, and without providing pre-deprivation of liberty process where such process is easily available to the City;

4.  A declaratory judgment that Defendants violated Plaintiff's equal protection rights by imposing harsh debt collection measures not imposed on debtors whose creditors are private entities;

5.  A declaratory judgment that Defendant violated Plaintiff's rights under the Sixth and Fourteenth Amendments by imprisoning her without appointing adequate counsel at the proceedings that led to her incarceration;

6.   An award of attorneys' fees, costs, and expenses of all litigation, pursuant to 42 U.S.C. § 1988; and

7.  Such other and further relief as the Court may deem just and proper.

Dated this May 27, 2015

_(signature)_

Ziahonna Teagan
234 Daisy Circle
McDonough GA 30252
Pro Se
470-217-7204

## VERIFICATION OF COMPLAINT

STATE OF GEORGIA

HENRY COUNTY

BEFORE ME personally appeared Ziahonna Teagan who, being by me first duly sworn and identified in accordance with Georgia law, deposes and says:

1. My name is Ziahonna Teagan, Plaintiff herein.

2. I have read and understood the attached foregoing complaint filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

_(signature)_
Ziahonna Teagan, Affiant

SWORN TO and subscribed before me this 27th day of May 2015.

_(signature)_
Notary Public

My commission expires: NOV. 1, 2016

_(Notary seal: GABRIELL NOCERA, NOTARY PUBLIC, SPALDING COUNTY, GA, EXP. Nov. 01, 2016)_